[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13151
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00134-SDM-CPT-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO ARMENTA-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 1, 2020)

Before JILL PRYOR, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Guillermo Armenta-Lopez appeals his 210-month total sentence imposed following his convictions for conspiring to possess with intent to distribute at least five kilograms of cocaine while aboard a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 70506(b); and possession with intent to distribute at least five kilograms of cocaine while aboard a vessel, in violation of 46 U.S.C. §§ 70503(a) and 70506(a).  On appeal, Armenta-Lopez claims his low-end guideline sentence is procedurally unreasonable because the district court's analysis of potential sentencing disparities was insufficient to allow meaningful appellate review.  He also argues his sentence is substantively unreasonable because the district court did not appropriately consider certain 18 U.S.C. § 3553(a) factors.  After review,[1] we affirm.

In reviewing a sentence for reasonableness, we first consider whether the district court committed any significant procedural error and next consider whether the sentence was substantively reasonable.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Here, Armenta-Lopez claims the district court procedurally erred in analyzing his claim that a sentence at the low end of the guideline range would result in an unwarranted sentencing disparity.  *See* 18 U.S.C. § 3553(a)(6)

---

[1] We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  However, where the defendant fails to object in the district court, we review procedural reasonableness for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

2

(directing courts to consider, among other factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" in fashioning an appropriate sentence).  As evidence that such a sentence would be disparately long, Armenta-Lopez pointed to a sentence his brother Cesar received in the Southern District of Florida after pleading guilty to a similar crime.  Although Cesar was subject to the same advisory guidelines range—210 to 262 months' imprisonment—the government in Cesar's case entered a joint recommendation, urging the sentencing court to impose a reduced 168-month sentence, which it ultimately did.

A sentence is procedurally unreasonable if a district court commits an error "such as failing to . . . adequately explain the chosen sentence . . . ."  *Id.*  Section 3553(c) requires that, "[t]he sentencing judge . . . set forth [sufficient reasoning] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  However, a lengthy explanation is not necessary in every case.  *Id.*

We note, as an initial matter, that Armenta-Lopez failed to object to the procedural reasonableness of his sentence before the district court, and we therefore review his procedural-reasonableness claim only for a plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  After reviewing the

3

record, we cannot say the district court procedurally erred, plainly or otherwise, in explaining its sentencing decision. *Id.* (noting a showing of plain error requires (1) an error; (2) that is plain; and (3) that has affected the defendant's substantial rights).

The district court stated it had considered the parties' arguments and the § 3553(a) factors. This alone would suffice as an explanation for the district court's sentencing decision. *See United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) ("[T]he acknowledgment by the district court that it ha[s] considered [the defendant's] arguments and the sentencing factors of section 3553 alone is sufficient in post-*Booker* sentences." (quotation marks omitted)). But the district court went on to specifically address Armenta-Lopez's specific disparity argument: that his sentence ought to be in line with that of his brother. The court explained that the proper comparator was not one particular defendant sentenced in a different district court; instead, it was "the body of similarly situated offenders." In that context, the district court concluded, Armenta-Lopez's low-end guideline sentence was "comfortably mainstream."

Armenta-Lopez objects that the district court failed to explain whether the defendants in the general body of comparators the court referenced had similar records or engaged in similar conduct. But it was not necessary for the district court to explain its reasoning to the degree Armenta-Lopez suggests. Indeed, it

4

was not necessary for the district court to explicitly discuss any particular § 3553(a) factor or every argument Armenta-Lopez presented.  *See Docampo*, 573 F.3d at 1100; *United States v. Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015). The district court was not required to give more explanation than it did, and we therefore perceive no procedural error on the court's part.

Turning to Armenta-Lopez's arguments concerning the substantive reasonableness of his sentence, we consider the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in 18 U.S.C. § 3553(a).  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  The sentencing court must impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care.  18 U.S.C. § 3553(a)(2).  In determining an appropriate sentence, the court should consider the factors listed in § 3553(a).  *Id.* § 3553(a)(1)–(7).  We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

5

Armenta-Lopez argues the district court failed to adequately consider two § 3553(a) factors: (1) his history and characteristics; and (2) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1), (6). Again, the district court specifically stated it had considered the § 3553(a) factors and the parties' arguments. Moreover, the court specifically addressed both factors Armenta-Lopez has identified. As to his history and characteristics, the district court acknowledged the realities of Armenta-Lopez's economic situation, but ultimately gave more weight to other factors, including the need to promote respect for the law, the need to protect the community, and the need for deterrence. And, as outlined above, the district court specifically considered the need to avoid sentencing disparities, though it declined to give disproportionate weight to Armenta-Lopez's brother as a comparator.

In short, the record does not suggest the district court failed to consider relevant factors, gave an improper or irrelevant factor significant weight, or committed a clear error of judgment. *See Irey*, 612 F.3d at 1189. To the contrary, the district court specifically addressed several factors, including those Armenta-Lopez identifies on appeal. The district court's decision to give greater weight to certain factors—factors that cut against a downward departure—was not an abuse of discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (noting "the weight to be accorded any given § 3553(a) factor is a matter

6

committed to the sound discretion of the district court" (quotation marks omitted)).

Moreover, while we do not apply a presumption of reasonableness to sentences

within the Guidelines range, we do ordinarily expect such a sentence to be

reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Accordingly, and for the reasons discussed above, we affirm Armenta-

Lopez's low-end guideline sentence.

**AFFIRMED.**